## Lawrence OWENS, Plaintiff— Appellant,

v.

## Leon KERSHAW, Lieutenant; et al., Defendants—Appellees.

### No. 02–35448.
### D.C. No. CV–00–05037–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Lawrence Owens, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging retaliation and denial of access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

We reject Owens's contention that the district court erred by dismissing his complaint for failure to exhaust administrative remedies. Although the district court stated that "it does not appear that" Owens exhausted all administrative remedies, the court nevertheless reached the merits of his claims. We affirm summary judgment in favor of the defendants on the merits of Owens's claims.

Because the record shows that Owens conducted extensive discovery to which the defendants responded, the district court did not abuse its discretion by denying Owens's motions to compel discovery. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.1995) ("the right of a party to obtain discovery is not unlimited"); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416–17 (9th Cir.1987) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation omitted).

Owens further contends that he was not able to oppose defendants' summary judg-ment motion effectively because prison officials interfered with his efforts to obtain affidavits from other inmates. We reject this contention because Owens neither moved for further discovery pursuant to Fed.R.Civ.P. 56(f) nor demonstrated that the information he sought would have precluded summary judgment. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir.1986) (party seeking additional discovery under Rule 56(f) must make clear what information is sought and how it would preclude summary judgment).

Owens's remaining contentions lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.